same in all material respects as that involved in *International Expediters, Inc., et al.* v. *United States* (38 Cust. Ct. 230, C.D. 1868), the claim of plaintiff was sustained.

BEFORE THE THIRD DIVISION, JULY 8, 1959

**No. 63246.**—Variety Costume, Inc. *v.* United States, protest 58/22335 (New York).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution and for failure to pay the increased duties due.

DONLON, J., and RICHARDSON, J., concurred, holding that the protest should be dismissed for lack of prosecution, without opinion as to the further ground of failure to pay certain duties.

**No. 63247.**—Golden's Pickle Works, Inc. *v.* United States, protests 58/24652 and 58/24662 (New York).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protests were dismissed for lack of prosecution and for failure to pay the increased duties due.

DONLON, J., and RICHARDSON, J., concurred, holding that the protest should be dismissed for lack of prosecution, without opinion as to the further ground of failure to pay certain duties.

**No. 63248.**—Sam Baker & David Brill Associated *v.* United States, protest 58/24653 (New York).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution and for failure to pay the increased duties due.

DONLON, J., and RICHARDSON, J., concurred, holding that the protest should be dismissed for lack of prosecution, without opinion as to the further ground of failure to pay certain duties.

**No. 63249.**—Intra-Mar Transport Corp. *v.* United States, protest 58/24656 (New York).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution and for failure to pay the increased duties due.

DONLON, J., and RICHARDSON, J., concurred, holding that the protest should be dismissed for lack of prosecution, without opinion as to the further ground of failure to pay certain duties.

**No. 63250.**—W. & T. Spyer, Inc. *v.* United States, protest 58/24661 (New York).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution and for failure to pay the increased duties due.

DONLON, J., and RICHARDSON, J., concurred, holding that the protest should be dismissed for lack of prosecution, without opinion as to the the further ground of failure to pay certain duties.

No. 63251.—Vintage Wines, Inc. *v.* United States, protest 58/24670 (New York).

Opinion by JOHNSON, J.   In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution and for failure to pay the increased duties due.

DONLON J., and RICHARDSON, J., concurred, holding that the protest should be dismissed for lack of prosecution, without opinion as to the further ground of failure to pay certain duties.

BEFORE THE SECOND DIVISION, JULY 15, 1959

No. 63252.—Carl Moser Co. *v.* United States, protest 58/20495 (New York).

Opinion by LAWRENCE, J.   The protest was dismissed.

No. 63253.—Epic, Inc. *v.* United States, protest 58/22314 (New York).

Opinion by LAWRENCE, J.   The protest was dismissed.

No. 63254.—M. Zwiebel *v.* United States, protest 58/24628 (New York).

Opinion by LAWRENCE, J.   The protest was dismissed.

No. 53255.—John Wanamaker, Phila., and Alex. Murphy & Company *v.* United States, protests 190309–K and 199293–K (Philadelphia).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of candlesticks similar in all material respects to those the subject of Abstract 62036, except that they are in chief value of brass, not plated with platinum, gold, or silver, nor colored with gold lacquer, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JULY 15, 1959

No. 63256.—A. N. Deringer, Inc. *v.* United States, protest 179408–K (St. Albans).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *United States* v. *J. H. Brown et al.* (46 C.C.P.A. 1, C.A.D. 686), the claim of the plaintiff was sustained.